■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH P. CARNEY, Appellant. [803 NYS2d 773]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), rendered November 7, 2002 in Rensselaer County, upon a verdict convicting defendant of the crimes of eavesdropping (two counts) and possession of eavesdropping devices.

Defendant was indicted and charged with eavesdropping and possession of eavesdropping devices after the victim, defendant's estranged wife, discovered a tape recording device wired to the telephone lines in the basement of her home in Rensselaer County in December 2001. The case proceeded to a jury trial and, after defendant was found guilty of the crimes of eavesdropping (two counts) and possession of eavesdropping devices, he was sentenced to an aggregate term of five years probation.

We first address defendant's claim that his convictions were contrary to the weight of the evidence. Defendant testified that he installed the recording device in question and, accordingly, the sole issue for the jury's determination was whether such installation was with the consent of the victim (see Penal Law § 250.00 [1], [2]; *People v Lasher*, 58 NY2d 962, 963 [1983]). To that end, defendant testified that the victim gave her express consent to install the device after he indicated that he needed to monitor his telephone conversations because of problems at his job. Moreover, defendant strongly insinuated that the victim chose to involve the police in the matter only after he revealed that he was living with another woman. On the other hand, the victim testified that she never consented to defendant tape-recording her telephone calls. Although defendant raises several points to undermine the credibility of the victim, we are not persuaded that such inconsistencies render her testimony incredible as a matter of law (see *People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]; *People v Toland*, 2 AD3d 1053, 1055 [2003], *lv denied* 2 NY3d 808 [2004]). Thus, upon our de novo review of the evidence (see *People v Rayam*, 94 NY2d 557, 560 [2000]), and affording the jury due deference with regard to its implicit credibility determinations (see *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Allen, supra* at 894), we cannot conclude that the jury failed to give the evidence the weight it should have been accorded.

Defendant also contends that the People were improperly permitted to cross-examine him with allegations that he had

previously installed an audio recording device in the victim's home without her consent in August 2001. We disagree. Following a *Molineux* hearing, Supreme Court precluded the People from introducing such evidence in their case-in-chief. The court, among other things, correctly concluded that such evidence was unnecessary to the People's case because it was merely probative of defendant's intent to commit the crime charged and such intent could otherwise be inferred from the commission of the acts themselves (*see People v Valderrama*, 285 AD2d 902, 903 [2001], *lv denied* 97 NY2d 659 [2001]. The People thereafter abided by Supreme Court's *Molineux* ruling.

However, in his own trial testimony, defendant maintained that he installed the listening device in December 2001 because of issues that had arisen at his job and out of a perceived need to "protect" his family at that time. In so doing, defendant placed his motive and/or intent, as well as his credibility, at issue. Accordingly, Supreme Court permitted the People to inquire as to the events of August 2001, a time at which defendant's workplace issues had presumably not yet arisen. Significantly, the People's inquiry was circumscribed. Defendant was initially questioned whether the victim had previously demanded that he not record her telephone calls and defendant answered in the negative. The People then elicited testimony from defendant indicating that the victim had discovered recording equipment in her home in August 2001 and that he had installed the equipment. Defendant also revealed that the difficulties at his workplace had not existed at that earlier time. Accordingly, under the circumstances of this case, we discern no abuse of discretion in Supreme Court's ruling (*see People v McElroy*, 239 AD2d 521 [1997], *lv denied* 90 NY2d 907 [1997]; *People v Rios*, 166 AD2d 616, 617-618 [1990], *lv denied* 77 NY2d 842 [1991]; *see generally People v Hayes*, 97 NY2d 203, 207-208 [2002]).

Finally, defendant contends that Supreme Court erred in instructing the jury that testimony concerning conversations between defendant and a family friend could be considered as evidence of defendant's consciousness of guilt. The friend testified that, in two conversations with defendant, he had, in effect, beseeched her to convince the victim to drop the charges against him. On one such occasion, defendant purportedly threatened to reveal certain indiscretions to the victim's employer if she did not cease her prosecution of him. Although the testimony of the friend was somewhat equivocal, Supreme Court's instruction appropriately cautioned that it was for the jury to decide if such testimony evinced a consciousness of guilt. Moreover, the court further admonished that consciousness of guilt evidence is

of slight value and may never alone be the basis for a guilty verdict (*see People v Shepherd*, 176 AD2d 369, 370 [1991], *lv denied* 79 NY2d 832 [1991]; *see also* CJI2d[NY] Consciousness of Guilt). Accordingly, we find defendant's claim to be unavailing (*see People v Lockerby*, 178 AD2d 805, 807 [1991], *lv denied* 80 NY2d 834 [1992]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.