■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. McENTEGGART, Appellant. [809 NYS2d 292]—

Peters, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 15, 2004, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In satisfaction of a nine-count indictment, defendant pleaded guilty in February 2004 to attempted burglary in the second degree and waived his right to appeal. County Court thereafter sentenced defendant in accordance with the negotiated plea agreement to a two-year prison term. Defendant now appeals and we affirm.

Defendant's claim that he did not enter his guilty plea knowingly and voluntarily, although not encompassed by his express waiver of the right to appeal, has not been preserved for our review inasmuch as defendant never moved to withdraw the plea or vacate the judgment of conviction (see People v Champion, 20 AD3d 772, 772-773 [2005]; People v Cash, 19 AD3d 934, 935 [2005]). Moreover, the exception to the preservation rule is inapplicable because defendant did not make any statements during his plea allocution which were inconsistent with his guilt such as to negate a material element of the crime (see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Kelly, 3 AD3d 789, 789 [2004], lv denied 2 NY3d 801 [2004]). In any event, the record is clear that County Court advised defendant of his rights and explained the consequences of his plea, and that defendant, after asking some clarifying questions, ensured that he understood his rights and desired to plead guilty. Thus, even considering this claim, we conclude that defendant's guilty plea was made in a knowing, voluntary and intelligent manner (see People v Santalucia, 19 AD3d 806, 807 [2005]).

To the extent that defendant argues that he was denied the effective assistance of counsel, we note that the failure to move to withdraw the plea or vacate the judgment of conviction serves as a bar to this challenge as well (see People v Coles, 13 AD3d 665, 666 [2004]). In any event, we find no merit to the assertion. Further, having already decided that defendant knowingly, voluntarily and intelligently pleaded guilty and waived his right

to appeal, we decline to review his claim that his sentence was harsh and excessive (*see People v Karwan*, 21 AD3d 1217, 1218 [2005]; *People v Mondore*, 18 AD3d 961, 962 [2005]).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.