■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. OGBURN, Appellant. [846 NYS2d 818]—

Rose, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 25, 2005, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree (two counts).

Defendant was indicted on two counts of sodomy in the first degree and two counts of sexual abuse in the first degree after admitting that he had engaged in sexual contact with the then eight-year-old female victim. When County Court denied defendant's motion to suppress the recording of a telephone conversation that he had with the victim and a written statement that he gave to police, he pleaded guilty to the four counts of the indictment. Defendant was then sentenced to agreed-upon terms of 15 years on each count of sodomy and seven years on each count of sexual abuse, all to run concurrently.

Defendant appeals, contending that the recording of his incriminating telephone conversation should have been suppressed because, by placing the call from New York to Vermont, where he was then residing, the police violated the laws of

Vermont by failing to obtain a warrant before recording his conversation. Without deciding whether Vermont law would preclude use of the recording (see State v Geraw, 173 Vt 350, 358-359, 795 A2d 1219, 1225-1226 [2002]), we conclude that its admissibility raises procedural and evidentiary issues that are governed by the laws of the forum (see People v Johnson, 303 AD2d 903, 904 [2003], lv denied 100 NY2d 539 [2003]; People v Benson, 88 AD2d 229, 231 [1982]). Inasmuch as the police had the permission of the victim and her mother to monitor and record the victim's conversation with defendant, there was no violation of New York law (see Penal Law § 250.00 [1]; People v Lasher, 58 NY2d 962, 963 [1983]; People v Carney, 23 AD3d 772, 773 [2005]).

Nor did County Court err by denying suppression of the statements that defendant later made to a State Police investigator. Even assuming, as defendant contends, that he was placed in custody immediately upon his return to New York and then transported to the police barracks in a police vehicle, there is no claim or evidence that he made any relevant statements until after he was given Miranda warnings at the barracks. Also, the hearing testimony of the interrogating officer—that he administered the warnings before questioning defendant—is undisputed. Since there was no interrogation by police prior to the Miranda warnings and defendant neither requested an attorney nor refused to speak with police after such warnings, we see no reason to reject County Court's finding that his written statement was admissible (see People v Mateo, 2 NY3d 383, 413-414 [2004], cert denied 542 US 946 [2004]; People v Davis, 18 AD3d 1016, 1017 [2005], lv denied 5 NY3d 805 [2005]).

Defendant's argument that his sentence was harsh and excessive is equally unavailing (see People v Qasem, 39 AD3d 960, 961 [2007]).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.