THIRD DEPARTMENT, JUNE, 2008

(June 5, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL LOPEZ, Appellant. [859 NYS2d 267]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 4, 2005, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree.

Defendant was charged in a nine-count indictment with various drug-related offenses, as well as criminal possession of a weapon in the third degree, menacing in the second degree and endangering the welfare of a child (two counts), stemming from an incident wherein defendant threatened his then paramour with a gun in front of their two children. The initial prosecution ended in a mistrial, and defendant thereafter pleaded guilty to criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree in full satisfaction of the indictment and an outstanding parole violation. Defendant waived his right to appeal in writing, which he affirmed during the plea colloquy, and was sentenced, as an admitted second felony offender, to the promised prison term of 2 to 4 years.

We affirm. Defendant's challenge to the voluntariness of his plea, although not encompassed by his waiver of the right to ap-

peal, nonetheless is not preserved for our review inasmuch as defendant did not move to withdraw his plea or vacate the underlying judgment of conviction (*see People v McEnteggart*, 26 AD3d 643 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Robetoy*, 21 AD3d 1220 [2005], *lv denied* 6 NY3d 758 [2005]). The exception to the preservation rule is inapplicable as defendant did not make any statements that were inconsistent with his guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Defendant also, however, challenges the voluntariness of his appeal waiver, and we no longer apply preservation principles to such a challenge (*see People v Lewis*, 48 AD3d 880 [2008]). Thus, we will review defendant's challenge to the plea in the interest of justice in conjunction with our review of the voluntariness of the appeal waiver. Indeed, a review of the record does not support defendant's claims that his plea and accompanying waiver were coerced or that he was not informed of the sentence he would be facing (*see People v Seaberg*, 74 NY2d 1, 10-11 [1989]; *People v Lewis*, 48 AD3d at 881; *People v Wyant*, 47 AD3d 1068, 1069 [2008]). Defendant unequivocally stated that he had not been threatened or otherwise forced to plead guilty or to waive his right to appeal, and the proposed sentence was plainly and repeatedly disclosed to defendant prior to entering his plea.

As to defendant's claim that he was denied the effective assistance of counsel, his "failure to move to withdraw the plea or vacate the judgment of conviction serves as a bar to this challenge as well" (*People v McEnteggart*, 26 AD3d at 643; *see People v Parara*, 46 AD3d 936, 937 [2007]). In any event, we find this claim to be unpersuasive. Defendant was represented by three attorneys at the plea allocution who, in addition to securing a very advantageous plea for him, extensively addressed his concerns regarding his related parole violation and his desire to visit with his children while in prison. Defendant not only indicated that he was satisfied with the representation provided but expressed his appreciation for "all the work" counsel had done for him. Simply put, there is nothing in the record to suggest that counsels' representation was less than meaningful (*see People v Parara*, 46 AD3d at 937). Finally, defendant's challenge to the agreed-upon sentence is precluded in light of his valid waiver of the right to appeal (*see People v Tedesco*, 38 AD3d 1102, 1103 [2007], *lv denied* 8 NY3d 991 [2007]).

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.