■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NYDIA ROBLES, Appellant. [861 NYS2d 180]—Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 10, 2007, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.

Defendant was charged in a superior court information with

conspiracy in the fourth degree and burglary in the second degree stemming from a home invasion burglary of an alleged drug dealer in which two of her coconspirators were shot, one fatally. Defendant waived indictment and thereafter pleaded guilty to both counts. Defendant waived her right to appeal and was sentenced in April 2007 to a prison term of 1⅓ to 4 years for conspiracy in the fourth degree. Thereafter, in September 2007, defendant was sentenced to nine years in prison for burglary in the second degree, with three years of postrelease supervision, to be served concurrently with her first sentence. Defendant now appeals from her September 2007 sentence for burglary in the second degree.

We affirm. Defendant's challenge to the voluntariness of her plea has not been preserved for this Court's review, inasmuch as she never moved to withdraw her plea or vacate the judgment of conviction (*see People v Stokely*, 49 AD3d 966, 967 [2008]; *People v McEnteggart*, 26 AD3d 643, 643 [2006], *lv denied* 7 NY3d 759 [2006]). Moreover, inasmuch as defendant did not make any statements during her plea allocution that were inconsistent with her guilt, the exception to the preservation rule is inapplicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v McEnteggart*, 26 AD3d at 643). Even were we to consider defendant's contentions on the merits, we would find them unavailing. Defendant confessed to detailed facts of the crime and accepted responsibility at both sentencing hearings. To the extent that defendant also argues that her waiver of appeal was involuntary, we likewise find such argument unavailing. Defendant—after conferring with counsel at the direction of County Court—executed a detailed written waiver that comprehensively explained the ramifications of same (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Perry*, 50 AD3d 1244, 1245 [2008]; *People v Ramirez*, 42 AD3d 671, 671-672 [2007]).

Next, defendant's claim of ineffective assistance of counsel as it relates to her plea is similarly unpreserved by her failure to move to withdraw her plea or vacate the judgment of conviction (*see People v Parara*, 46 AD3d 936, 937 [2007]; *People v McEnteggart*, 26 AD3d at 643). In any event, defendant's arguments are unavailing. The record demonstrates that counsel discussed the plea agreement with defendant, represented her at the plea colloquy, took time to explain the effects of her plea during an adjournment, and generally secured an advantageous plea for defendant, which included two different sentencing hearings, the first of which was designed to accommodate the pregnant defendant's request to give birth while she was in prison rather than county jail.

Finally, defendant's challenge to her agreed-upon sentence is precluded by virtue of her valid waiver of appeal (*see People v Gomez*, 50 AD3d 1391 [2008]; *People v Stokely*, 49 AD3d 966, 968 [2008]).

Peters, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.