Peters, J.B
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 16, 2007, convicting defendant upon his plea of guilty of the crimes of aggravated harassment of an employee by an inmate and assault in the second degree.
Defendant was charged in a three-count indictment with aggravated harassment of an employee by an inmate and assault in the second degree (two counts) stemming from an incident wherein defendant, a prison inmate, threw feces at one correction officer and, in the process of being restrained, injured another. Pursuant to a negotiated plea agreement, defendant executed a written waiver of appeal, pleaded guilty to aggravated harassment of an employee by an inmate and one count of assault in the second degree and was sentenced, as a second felony offender, to concurrent prison terms of 2 to 4 years for aggravated harassment and four years for assault, followed by three years of postrelease supervision. This appeal by defendant ensued.
We affirm. Although defendant’s challenge to the voluntariness of his plea survives his waiver of the right to appeal, this issue is not preserved for our review inasmuch as defendant did not move to withdraw his plea or vacate the underlying judgment of conviction (see People v Lopez, 52 AD3d 852, 852-853 [2008]). Moreover, contrary to defendant’s assertion, the narrow exception to the preservation requirement is not triggered here as defendant did not make any statements during the plea allocution that were inconsistent with his guilt (see People v Robles, 53 AD3d 686, 687 [2008]). Were we to consider defendant’s argument, we would find it to be lacking in merit. The plea allocution reflects that defendant was advised of his right to a jury trial, that the People had an obligation to prove his guilt beyond a reasonable doubt and that the jury’s verdict had to be unanimous. Defendant indicated that he understood these rights and denied that he had been forced or threatened into waiving these rights. Under such circumstances, we would conclude that defendant’s plea was knowing, intelligent and voluntary (see People v Ivory, 53 AD3d 788, 789 [2008]).
Defendant’s challenge to the voluntariness of his waiver of appeal is similarly unavailing. Defendant executed a written waiver of the right to appeal and evidenced his understanding thereof. Accordingly, the judgment of conviction is affirmed.
Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.