(February 11, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOBROUCH, Appellant. [873 NYS2d 759]—Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 14, 2006, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant waived indictment and, pursuant to a negotiated agreement, pleaded guilty to a superior court information charging him with attempted robbery in the second degree, waived his right to appeal and thereafter was sentenced as a second felony offender to the agreed-upon prison term of three years, followed by five years of postrelease supervision. Defendant now appeals, contending that he was denied the effective assistance of counsel and that his plea was not voluntary.

We affirm. While defendant's waiver of his right to appeal does not bar his ineffective assistance of counsel claim insofar as it relates to the voluntariness of his plea, his failure to move to withdraw his plea or vacate the judgment of conviction renders such claim unpreserved for our review (*see People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]; *People v Morelli*, 46 AD3d 1215, 1217 [2007], *lv denied* 10 NY3d 814 [2008]). Were we to reach this issue, we would find that the majority of counsel's claimed deficiencies, including her alleged failure to request certain pretrial hearings, involve matters outside the record and more properly are the subject of a CPL article 440 motion (*see People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]). Defendant's remaining assertions in this regard are belied by the plea colloquy, wherein he stated that he understood the rights he was relinquishing, was satisfied with counsel's representation and had adequate opportunity to confer with her (*see People v Clark*, 52 AD3d 951, 952 [2008], *lv denied* 11 NY3d 831 [2008]). Under such circumstances, we cannot say that defendant was denied meaningful representation (*see id.*).

As for defendant's challenge to the voluntariness of his plea, although not encompassed by his waiver of appeal, this issue similarly is not preserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Jeske*, 55 AD3d at 1058; *People v Lopez*, 52 AD3d 852, 852-853 [2008]). The narrow exception to the preservation requirement is not triggered here inasmuch as defendant did not make any statements during his allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Jeske*, 55 AD3d

at 1058; *People v Robles*, 53 AD3d 686, 687 [2008], *lv denied* 11 NY3d 794 [2008]). In any event, our review of the colloquy persuades us that defendant's plea was knowing, intelligent and voluntary. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.