■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK R. PATNODE, Appellant. [874 NYS2d 308]—

Kavanagh, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered December 10, 2007, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

The victim, then nine years old, alleged that on eight separate occasions during the summer of 2006 defendant touched her private parts, exposed her to pornography and masturbated in her presence. In February 2007, the victim reported the incidents to her mother who, in turn, contacted the State Police. After he was arrested, defendant was advised of his *Miranda* rights, waived them and provided two written inculpatory statements regarding his activities with the victim. Defendant was ultimately charged with course of sexual conduct against a child in the second degree, sexual abuse in the first degree (eight counts) and endangering the welfare of a child. In October 2007, defendant pleaded guilty to one amended count of sexual abuse in the first degree in full satisfaction of all 10 charges contained in the indictment.* Defendant was sentenced to six years in prison, with three years of postrelease supervi-

---

* As part of the plea agreement, the People promised that they would not prosecute defendant for any potential charges relating to claims by five other individuals who made similar allegations against defendant, and also agreed that they would not ask the Attorney General to seek civil confinement of de-

sion. Defendant now appeals claiming that his plea was not knowingly, voluntarily and intelligently rendered, that he was denied the effective assistance of counsel and that the sentence was harsh and excessive. Unconvinced by any of defendant's arguments, we now affirm.

The principal issues that defendant seeks to raise on this appeal—that his guilty plea was not properly entered and that he was deprived of the effective assistance of counsel—have not been preserved for our review because defendant never moved to withdraw his guilty plea or vacate his judgment of conviction (*see People v Nunez*, 56 AD3d 897, 898 [2008]; *People v Jeske*, 55 AD3d 1057, 1058 [2008]; *People v Sorey*, 55 AD3d 1063, 1064 [2008]). Even if we were to consider his claims regarding his plea, defendant's allocution contained "unequivocal affirmative responses to [County C]ourt's questions," an unambiguous declaration that he was guilty and a total absence of any "statements negating his guilt" (*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *see People v Johnson*, 54 AD3d 1133, 1133 [2008]). Moreover, when the plea was entered, a comprehensive exchange took place between defendant, his counsel, and County Court regarding the details of the plea, as well as the sentencing options that existed under the plea agreement. During this exchange, defendant confirmed that his decision to plead guilty was made freely and not the product of any threats or coercion. He acknowledged that he had a fair and full opportunity to confer with counsel, was fully aware of all of the ramifications of entering the plea and that he was, in fact, guilty of the charge (*see People v Smith*, 56 AD3d 894, 895 [2008]). As such, the allocution established that defendant's guilty plea was freely, voluntarily and knowingly entered (*see People v Johnson*, 54 AD3d at 1133).

Defendant also claims that he was deprived of the effective assistance of counsel due to his counsel's failure to move to suppress the inculpatory statements attributed to him by the police after he was placed under arrest. As previously stated, this claim is unpreserved (*see People v Sterling*, 57 AD3d 1110, 1112-1113 [2008]; *People v Robles*, 53 AD3d 686, 687 [2008], *lv denied* 11 NY3d 794 [2008]; *People v Clark*, 52 AD3d 951, 952 [2008], *lv denied* 11 NY3d 831 [2008]). In any event, we note that, as a direct result of counsel's efforts, defendant was the beneficiary of a plea bargain that served to dramatically reduce the potential penalty he could have received if convicted of all charges contained in the indictment. In addition, the plea was taken in full satisfaction not only of all the claims made against defen-

fendant after he completed his sentence pursuant to the Mental Hygiene Law.

dant by the named victim, but also covered similar allegations that had been made by five other individuals. In light of this advantageous plea secured by counsel, defendant was not deprived of meaningful representation (*see People v Johnson*, 54 AD3d at 1134; *People v Robles*, 53 AD3d at 687; *People v Lopez*, 52 AD3d 852, 853 [2008]).

Finally, given the nature of the crimes for which defendant stands convicted, we see no merit in his claim that the sentence imposed was harsh or excessive (*see People v Stouten*, 54 AD3d 1100 [2008]; *People v White*, 52 AD3d 950, 951 [2008], *lv denied* 11 NY3d 742 [2008]; *People v Ogburn*, 46 AD3d 1018, 1019 [2007], *lv denied* 10 NY3d 769 [2008]).

Peters, J.P., Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.