■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHAWN WALLEY, Appellant. [881 NYS2d 203]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 15, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

In June 2007, defendant was charged by indictment with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and loitering in the first degree. After initially rejecting a plea offer, defendant ultimately pleaded guilty to criminal possession of a controlled substance in the fourth degree in full satisfaction of all three counts contained in the indictment, and he was subsequently sentenced as a second felony offender to a prison term of four years, with two years of postrelease supervision. At the time he entered his plea, defendant agreed to waive his right to appeal and executed a written waiver to that effect with the assistance of counsel. At his sentencing, defendant stated that he was dissatisfied with counsel and claimed that he

did not fully understand all of his rights when he entered his plea. County Court reviewed the content of defendant's plea allocution and, in particular, the description of the rights given to defendant that he agreed to waive when he entered his plea. After concluding that defendant had knowingly and intelligently entered his guilty plea, County Court imposed sentence pursuant to the terms of the negotiated plea agreement. Defendant now appeals, claiming that he did not receive the effective assistance of counsel and his plea, as well as his waiver of the right to appeal, were involuntarily entered. Defendant also claims that his sentence was harsh and excessive and should be reduced in the interest of justice.

Initially, while defendant claims that his waiver of the right to appeal was not voluntary, the record reveals that the consequences of such a waiver were clearly and adequately explained to defendant by County Court and this explanation was reinforced by the content of a written waiver of appeal form that defendant executed with the assistance of counsel (see People v Lopez, 52 AD3d 852, 853 [2008]; People v Stokely, 49 AD3d 966, 968 [2008]). Therefore, we find, contrary to defendant's contention, that he voluntarily waived his right to appeal.

Despite this finding, defendant's claim of ineffective assistance of counsel survives the waiver of his right to appeal because, as made, it raises an issue as to the voluntariness of his guilty plea (see People v Gilmour, 61 AD3d 1122, 1124 [2009]; People v Fitzgerald, 56 AD3d 811, 812 [2008]; People v Morelli, 46 AD3d 1215, 1217 [2007], lv denied 10 NY3d 814 [2008]).* Having reviewed this claim, we find that it is belied by the record. Specifically, defendant argues that his counsel advised him to plead guilty before ever reviewing a laboratory report regarding the findings of a chemical analysis of the substance found on defendant's possession at the time of his arrest. However, the record establishes that defense counsel was, in fact, provided with a report of a field test performed at the time of defendant's arrest that found that the substance in his possession tested positive for the presence of crack cocaine. In addition, during his plea allocution, County Court inquired, and defendant confirmed, that he had sufficient time to confer with counsel prior to entering the plea, was satisfied with his representation,

* For the purposes of preservation, we conclude that defendant's pro se challenge to the effectiveness of his counsel before County Court at sentencing constituted a motion to vacate his plea and, therefore, preserved this claim for the purposes of appeal (see People v Rubeo, 60 AD3d 1206, 1207 [2009]; People v Dawson, 278 AD2d 665, 667 [2000], lv denied 96 NY2d 799 [2001]).

and was under no emotional or medical disability or under the influence of any substance that prevented him from making an intelligent and voluntary decision to enter a guilty plea. Moreover, defense counsel was able to negotiate an advantageous plea agreement that enabled defendant to plead guilty to a reduced charge in full satisfaction of all of the charges pending against him. Therefore, we reject defendant's claim that he did not receive meaningful representation of counsel or that his plea was not voluntarily entered (*see People v Dobrouch*, 59 AD3d 781, 781-782 [2009]; *People v Fitzgerald*, 56 AD3d at 813; *People v Lopez*, 52 AD3d at 853; *People v Henning*, 2 AD3d 979, 980 [2003], *lv denied* 2 NY3d 740 [2004]).

Finally, as defendant executed a valid waiver of his right to appeal, his claim that the bargained-for sentence was harsh and excessive is precluded (*see People v Borom*, 55 AD3d 1041, 1042 [2008]; *People v Jeske*, 55 AD3d 1057, 1058-1059 [2008], *lv denied* 11 NY3d 898 [2008]).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.