Garry, J.
Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 1, 2011, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child.
Defendant, who resided in Chemung County with his paramour and her two children, was arrested in November 2010 after one of the children (hereinafter the victim) made disclosures to a child protective caseworker. Defendant was charged by indictment with three counts of sexual abuse in the first degree and one count of endangering the welfare of a child. Following a jury trial, he was convicted as charged. County Court sentenced him to concurrent terms of five years in prison followed by 10 years of postrelease supervision on the sexual abuse convictions and a concurrent term of one year for endangering the welfare of a child. Defendant appeals.
*1066 Defendant contends that the evidence supporting his sexual abuse convictions was legally insufficient in that the People did not establish that he touched the victim “for the purpose of gratifying sexual desire” and thus did not prove that he subjected her to sexual contact (Penal Law § 130.00 [3]; see Penal Law § 130.65 [3]). We disagree. An inference of sexual gratification may be drawn from the conduct of a defendant who has intimate contact with a child to whom he or she is not related (see People v Fuller, 50 AD3d 1171, 1174-1175 [2008], lv denied 11 NY3d 788 [2008]; People v Watson, 281 AD2d 691, 697-698 [2001], lv denied 96 NY2d 925 [2001]). The victim testified that while she was alone with defendant, he touched the bare skin of her breasts and vaginal area with the suction end of a vacuum cleaner and a plastic pipe and touched her vaginal area through her clothing with his hand. She further testified that defendant offered her candy in exchange for her promise not to tell other people about these incidents and warned her that he would go to jail if she told anyone. This evidence, viewed in the light most favorable to the People, was sufficient to permit a rational jury to determine that the element of sexual gratification was proved beyond a reasonable doubt (see People v Hayes, 104 AD3d 1050, 1053-1054 [2013]; People v Byron, 85 AD3d 1323, 1325 [2011], lv denied 17 NY3d 857 [2011]; People v King, 79 AD3d 1277, 1279 [2010], lv denied 16 NY3d 860 [2011]).
We are unpersuaded by defendant’s claim that his sentence is harsh and excessive. Notably, he received less than the maximum permissible term (see Penal Law § 70.80 [4] [a] [iii]). Given his conduct toward his seven-year-old victim and his failure to take responsibility for his actions, we find no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (see People v Simmons, 103 AD3d 1027, 1031 [2013], lv denied 21 NY3d 1009 [2013]; People v Patnode, 60 AD3d 1109, 1111 [2009]; People v Lemke, 58 AD3d 1078, 1080 [2009]; People v Ogburn, 46 AD3d 1018, 1019 [2007], lv denied 10 NY3d 769 [2008]).
Rose, J.E, Stein and Spain, JJ., concur. Ordered that the judgment is affirmed.