*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016                    106290
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

LATROY WOMACK,
                        Appellant.
_____

Calendar Date:  September 15, 2016

Before:  Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

        Timothy S. Brennan, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

Aarons, J.

        Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered October 2, 2013, upon a verdict convicting defendant of the crimes of burglary in the second degree, aggravated criminal contempt (two counts) and assault in the third degree.

        Defendant was charged in a multi-count indictment stemming from his assault on the victim, the mother of one of his children and with whom he had a physically abusive relationship. Following a jury trial, defendant was convicted of burglary in the second degree, two counts of aggravated criminal contempt and assault in second degree. County Court thereafter sentenced defendant, as a second felony offender, to concurrent prison terms, the greatest of which was 10 years, followed by five years

of postrelease supervision.  Defendant now appeals.  We affirm.

Defendant contends that the proof was legally insufficient as to the element of intent for the conviction for burglary in the second degree.  Burglary in the second degree requires that the People prove that defendant "knowingly enter[ed] or remain[ed] unlawfully in a [dwelling] with intent to commit a crime therein" (Penal Law § 140.25 [2]).  "[I]ntent may be inferred from the circumstances of [defendant's] unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner" (People v Ostrander, 46 AD3d 1217, 1218 [2007]; see People v Lewis, 5 NY3d 546, 552 [2005]; People v Peterson, 118 AD3d 1151, 1152 [2014], lvs denied 24 NY3d 1087 [2014]).  It is not necessary for the People to prove that defendant had the intent to commit a particular crime when entering or remaining in the dwelling (see People v Cajigas, 19 NY3d 697, 701 [2012]; People v Briggs, 129 AD3d 1201, 1203 [2015], lv denied 26 NY3d 1038 [2015]).

The trial evidence establishes that a police officer went to the victim's house in response to a domestic violence call. While en route, the responding officer was flagged down by a cable technician who had just been at the house and heard furniture being thrown, yelling between the victim and defendant, and the victim screaming at defendant to "get out."  The technician directed the responding officer to the victim's house. Upon arrival, the officer noticed markings on the victim's face and described her as frantic, crying, upset and scared.  The victim, who was six months pregnant, yelled "he went out the back" and "he came in and beat [me] up."  In response to the officer's inquiry as to who did this to her, the victim identified defendant.  The officer secured the house and saw that it was disheveled.  The victim was taken to the hospital where she was treated for bruising and bite marks on her body.  Later that afternoon, a police sergeant was dispatched to the victim's apartment based upon a report that defendant was seen entering the victim's house through a window.  When the sergeant arrived, he saw a window screen on the ground lying against the house, and he observed defendant running on top of garbage cans.  The sergeant and another officer who arrived at the scene pursued defendant and arrested him.

At the time of the assault, two orders of protection were in effect against defendant.  They specifically directed defendant to stay away from the victim and her house and to refrain from, among other things, assaulting or harassing her.  Defendant, notwithstanding his awareness of the orders of protection, did not dispute being at the victim's house.  According to defendant, while arguing with the victim, he "smooshed her in the face."

Viewing the evidence in a light most favorable to the People, we conclude that there was legally sufficient proof as to the element of intent.  Based on the foregoing, the jury could infer that when defendant entered the victim's house, he intended to assault her in contravention of the orders of protection and in a manner that went beyond the stay-away aspects of the protective orders (see People v Cajigas, 19 NY3d at 702; People v Lewis, 5 NY3d at 552; People v Peterson, 118 AD3d at 1153).  Furthermore, considering the evidence in a neutral light and according due deference to the jury's opportunity to view the witnesses, we reject defendant's claim that the verdict as a whole was contrary to the weight of the evidence (see People v Fomby, 101 AD3d 1355, 1356 [2012], lv denied 21 NY3d 1015 [2013]; People v Jones, 79 AD3d 1244, 1246 [2010], lv denied 16 NY3d 832 [2011]; People v Perser, 67 AD3d 1048, 1049 [2009], lv denied 13 NY3d 941 [2010]).

Contrary to defendant's argument, County Court did not err in permitting the police officer who initially responded to the scene to testify as to the victim's statements identifying defendant as the assailant, as such statements were admissible as excited utterances (see People v Anderson, 114 AD3d 1083, 1085 [2014], lv denied 22 NY3d 1196 [2014]).  Nor do we agree with defendant that the admission of these statements violated his constitutional right to confront witnesses.  These statements were not testimonial in nature as "their purpose was to enable the police to meet an ongoing emergency and apprehend the perpetrator" (People v Shaver, 86 AD3d 800, 802 [2011], lv denied 18 NY3d 962 [2012]; see People v Nieves-Andino, 9 NY3d 12, 14-15 [2007]).  Defendant's additional argument that the testimony by the detective who interviewed the victim at the hospital and the caseworker with the Schenectady County Department of Social

Services who met with the victim ran afoul of the Confrontation Clause is without merit inasmuch as these witnesses did not reveal any statements made to them by the victim (see People v Lloyd, 118 AD3d 1117, 1121 [2014], lv denied 25 NY3d 951 [2015]).

We also reject defendant's challenge to County Court's Molineux rulings. As a general matter, "evidence of uncharged crimes or prior bad actions may be admitted where they fall within the recognized Molineux exceptions – motive, intent, absence of mistake, common plan or scheme or identity – or where such proof is inextricably interwoven with the charged crimes, provide[s] necessary background or complete[s] a witness's narrative" (People v Burnell, 89 AD3d 1118, 1120 [2011] [internal quotation marks and citation omitted], lv denied 18 NY3d 922 [2012]). In situations involving domestic violence, prior bad acts are more likely to be relevant and probative "because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident" (People v Burkett, 101 AD3d 1468, 1470 [2012], lv denied 20 NY3d 1096 [2013] [internal quotation marks and citation omitted]). The testimony against defendant regarding prior instances of uncharged assault were properly admitted as relevant on the issues of intent and identity and provided the necessary background as to the relationship between defendant and the victim (see People v Cox, 129 AD3d 1210, 1213 [2015], lv denied 26 NY3d 966 [2015]; People v Pham, 118 AD3d 1159, 1161 [2014], lv denied 24 NY3d 1087 [2014]). The evidence of a separate incident of assault formed the basis of an order of protection issued against defendant and, thus, was properly admitted as probative because it "completed the narrative in which the criminal acts occurred [and] tended to show the absence of accident" (People v Rodriguez, 306 AD2d 686, 688 [2003], lv denied 100 NY2d 624 [2003]; see People v Thibeault, 73 AD3d 1237, 1240-1241 [2010], lv denied 15 NY3d 810 [2010], cert denied 562 US 1293 [2011]). Furthermore, in light of County Court's limiting instructions, we find no error in County Court's Molineux rulings (see People v Tinkler, 105 AD3d 1140, 1143 [2013], lv denied 21 NY3d 1020 [2013]; People v Poquee, 9 AD3d 781, 782 [2004], lv denied 3 NY3d 741 [2004]).

Defendant's request for a missing witness charge based upon the People's failure to call the victim as a witness was properly denied. There is no dispute that the victim's testimony would have been material. The People, however, satisfied their burden of showing that the victim was unavailable. The victim was personally served with a subpoena for trial and, when she failed to appear when directed to, a material witness warrant was issued. Local law enforcement officials and an investigator continued to try to locate the victim during the duration of the trial but were unsuccessful. In light of the foregoing, County Court did not abuse its discretion in denying defendant's request for the missing witness charge (see People v Lawing, 119 AD3d 1149, 1150-1151 [2014], lv denied 24 NY3d 1121 [2015]; People v Bateman, 241 AD2d 770, 772 [1997], lv denied 91 NY2d 869 [1997]).

Turning to defendant's contention that he received the ineffective assistance of counsel, we note that defendant does not point to any specific instance of alleged deficient representation to support his conclusory claim. Based on our review of the record, which shows that counsel successfully precluded evidence, obtained the dismissal of one charge and effectively cross-examined witnesses, defendant was not deprived of meaningful representation (see People v Thiel, 134 AD3d 1237, 1240-1241 [2015], lv denied 27 NY3d 1156 [2016]; People v Kenyon, 108 AD3d 933, 940 [2013], lv denied 21 NY3d 1075 [2013]).

Finally, with regard to defendant's claim that the sentence is harsh and excessive, we decline to disturb it in the interest of justice given the absence of an abuse of discretion or extraordinary circumstances (see People v Ero, 139 AD3d 1248, 1250 [2016], lv denied 28 NY3d 929 [2016]; People v Cook, 112 AD3d 1065, 1066 [2013]).

Peters, P.J., Egan Jr., Lynch and Rose, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court