People v Conklin (2018 NY Slip Op 01213)





People v Conklin


2018 NY Slip Op 01213


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

107315

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARK CONKLIN, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Jack H. Weiner, Chatham, for appellant.
D. Holley Carnright, District Attorney, Kingston (Carly Wolfrom of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered November 18, 2014, upon a verdict convicting defendant of the crimes of burglary in the second degree, attempted kidnapping in the second degree, unauthorized use of a vehicle in the first degree and assault in the third degree.
Defendant and the victim had previously been involved in an intimate relationship occasioned by episodes of verbal and physical abuse. On February 27, 2014, the victim, who had obtained an order of protection against defendant, returned home from work to find defendant inside her residence. Defendant immediately "came charging" at the victim and, after grabbing the cell phone out of her hand, proceeded to push her against the
refrigerator and punch her repeatedly in her head, all while asking "who [she] was f***ing." Threatening to kill her, defendant then began choking the victim, slammed her against the kitchen table and struck her numerous additional times in the head. The victim was eventually escorted by defendant at knife point out of the home and into the front passenger seat of her car. As defendant walked around the front of the vehicle, the victim was able to escape and flee to a neighbor's house, where she summoned aid from police. Defendant was subsequently charged with various crimes stemming from the attack and, following a jury trial, was convicted of burglary in the second degree, attempted kidnapping in the second degree, unauthorized use of a vehicle in the first degree and assault in the third degree. County Court sentenced him to an aggregate prison term of 15 years to be followed by five years of postrelease supervision. He now appeals.
Defendant initially contends that his convictions are not supported by legally sufficient evidence. Inasmuch as defendant's motion for a trial order of dismissal was expressly limited to the count of the indictment charging him with assault in the third degree, his challenges to the legal sufficiency of the evidence supporting his remaining convictions are unpreserved for our review (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Keener, 152 AD3d 1073, 1074 [2017]; People v Davis, 133 AD3d 911, 912 [2015]). Were we to consider those issues, we would find that, when viewed in the light most favorable to the People (see People v Denson, 26 NY3d 179, 188 [2015]), the evidence provided a valid line of reasoning and permissible inferences from which a rational jury could find the elements of the crimes proven beyond a reasonable doubt (see Penal Law §§ 135.20, 140.25 [2]; 165.08; see generally People v Danielson, 9 NY3d 342, 349 [2007]).
With regard to his conviction for assault in the third degree, defendant claims that the evidence fails to establish that the victim suffered a physical injury as a result of the attack. Physical injury is statutorily defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). To meet the statutory threshold, the pain "must be more than slight or trivial but need not be severe or intense" (People v Johnson, 150 AD3d 1390, 1392 [2017] [internal quotation marks and citation omitted], lv denied 29 NY3d 1128 [2017]; see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Dove, 86 AD3d 715, 716 [2011], lv denied 17 NY3d 903 [2011]). "A variety of factors are relevant in determining whether physical injury has been established, including the injury viewed objectively, the victim's subjective description of the injury and [his or] her pain, and whether the victim sought medical treatment" (People v Fisher, 89 AD3d 1135, 1136 [2011] [internal quotation marks and citations omitted], lv denied 18 NY3d 883 [2012]; see People v Hicks, 128 AD3d 1221, 1222 [2015], lv denied 26 NY3d 930 [2015]).
The victim testified that defendant punched her multiple times in the face and head, choked her, slammed her into a refrigerator and shoved her against a table with such force as to cause the table to slide backwards. She sought treatment at the emergency room of a local hospital that same day, where she was assessed by medical professionals and given pain medication. The victim described the various bruises that she sustained, explained that her "whole head was swollen" as a result of the attack and related the pain that she experienced during the week and a half following the altercation. Photographs depicting the victim's injuries were also admitted into evidence. In light of this proof, there was a legally sufficient basis for the jury to have concluded that the victim sustained a physical injury within the meaning of Penal Law § 10.00 (9) (see People v Hicks, 128 AD3d at 1222; People v Dove, 86 AD3d at 717; People v Jones, 79 AD3d 1244, 1245-1246 [2010], lv denied 16 NY3d 832 [2011]; People v Foster, 52 AD3d 957, 959-960 [2008], lv denied 11 NY3d 788 [2008]).
Defendant's challenge to County Court's Molineux ruling is similarly lacking in merit. "Evidence of prior uncharged crimes or prior bad acts may not be admitted solely to demonstrate a defendant's bad character or criminal propensity, but may be admissible if linked to a specific material issue or fact relating to the crimes charged, and if their probative value outweighs their prejudicial impact" (People v Morgan, 149 AD3d 1148, 1148-1149 [2017] [internal quotation marks, ellipsis, brackets and citations omitted]; see People v Leonard, 29 NY3d 1, 6-7 [2017]). In cases involving domestic violence, such as this, "prior bad acts are more likely to be relevant and probative because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident" (People v Womack, 143 AD3d 1171, 1173 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 1151 [2017]; see People v Cox, 129 AD3d 1210, 1213 [2015], lv denied 26 NY3d 966 [2015]). Here, the evidence regarding defendant's prior abusive conduct [*2]toward the victim was both relevant and material to the issues of motive, intent and the absence of accident, and also provided necessary background information concerning the tumultuous nature of their relationship and the setting in which these crimes occurred (see People v Womack, 143 AD3d at 1173-1174; People v Pham, 118 AD3d 1159, 1161 [2014], lv denied 24 NY3d 1087 [2014]; People v Burkett, 101 AD3d 1468, 1470-1471 [2012], lv denied 20 NY3d 1096 [2013]; People v Timmons, 54 AD3d 883, 885 [2008], lv denied 12 NY3d 822 [2009]). In allowing some, but not all, of the proffered evidence, County Court properly balanced the probative value of such evidence against its potential for prejudice (see People v Babcock, 152 AD3d 962, 964-965 [2017], lv denied 30 NY3d 947 [2017]; People v Morgan, 149 AD3d at 1149; People v Burkett, 101 AD3d at 1471; compare People v Elmy, 117 AD3d 1183, 1186-1187 [2014]; People v Westerling, 48 AD3d 965, 967-968 [2008]). Moreover, the court issued appropriate limiting instructions concerning the purpose for which the jury could consider the subject evidence, thereby limiting its prejudicial effect (see People v Babcock, 152 AD3d at 965; People v Womack, 143 AD3d at 1174; People v Burkett, 101 AD3d at 1471).
Finally, given the serious and violent nature of these offenses, defendant's pattern of domestic violence towards the victim and his violation of orders of protection designed to protect her, we discern neither an abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Pham, 118 AD3d at 1163; People v Burkett, 101 AD3d at 1473; People v Gorham, 17 AD3d 858, 861 [2005]). Defendant's remaining contentions are unpreserved for our review and, in any event, without merit.
Garry, P.J., McCarthy, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.