■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE BESS, Appellant. — Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered February 25, 1983, upon a verdict convicting defendant of the crime of burglary in the third degree.

At 2:00 A.M. on November 25, 1983, Thanksgiving Day, a security guard at the New York State Building Annex in the City of Binghamton heard the sound of breaking glass coming from the building's first floor cafeteria. Investigation uncovered

defendant crouched on a windowsill behind one of several food and beverage dispensing machines located in the cafeteria. When told to "hold it where he was at", defendant responded by smashing the window in front of him and diving through it to a loading ramp below, where he was then apprehended by the guard. At that point, as defendant was rising to his feet, something struck the wooden loading ramp, making a loud noise. A flashlight search made by the guard before reentering the building with defendant revealed a "cold chisel", a tool used to cut the heads off bolts, laying on the ramp. Unlike tools utilized by State workers and stamped with the letters "O.G.S." (Office of General Services), the chisel bore no such stamp.

As part of the People's case, the prosecution read to the jury portions of defendant's Grand Jury testimony wherein defendant explained he had entered the building to avoid being pursued by three would-be muggers, one of whom was armed; that testimony also described the route along which he had proceeded. This explanation was followed by the testimony of a Binghamton police officer that, at the time defendant was ostensibly being chased, the officer was patrolling that very route and never saw defendant or his alleged pursuers. The defense rested without presenting evidence.

Initially defendant maintains that his conviction should be reversed in the interest of justice because the trial court's charge was erroneous. The court informed the jury as to the elements of both burglary in the third degree and the lesser included offense of criminal trespass in the third degree. Instruction was also given as to the defense of justification, but with the admonition that this defense was merely to be considered with respect to the criminal trespass charge and then only if the jury first acquitted defendant of burglary. It is claimed that justification was also a defense to the burglary charge and that failure to so advise the jury was error. In parallel circumstances, the Court of Appeals found in *People v Almodovar* (62 NY2d 126) that the justification defense was not germane to a jury's consideration of a charge of criminal possession of a weapon, stating: "a person either possesses a weapon lawfully or he does not and he may not avoid the criminal charge [of possession of a weapon in the second degree] by claiming that he possessed the weapon for his protection. Justification may excuse otherwise unlawful use of the weapon but it is difficult to imagine circumstances where it could excuse unlawful possession of it [citation omitted]" (*id.,* at p 130). The same is true with respect to the burglary charge at issue; defendant either entered or remained in the building intending to commit a crime therein or was lacking that guilty

intent. Consequently, even if defendant had timely objected to the alleged error, thereby preserving the issue for review, the trial court was not obliged to instruct that justification was a defense to the burglary charge.

Equally unavailing is the contention that, because the People asserted in their opening statement and summation that defendant entered the building with a larcenous intent, larceny became a material legal principle at issue in the case and, therefore, the trial court violated CPL 300.10 (subd 2) by failing to advise the jury as to the elements of larceny. Defendant would saddle the People with a burden more onerous than the law exacts. To secure a burglary conviction, the People need not establish what the underlying crime was or that it had in fact been committed (*People v Mackey,* 49 NY2d 274, 279), unless, of course, they have expressly limited their theory regarding the particular crime the defendant intended to commit (*People v Barnes,* 50 NY2d 375, 379). By suggesting that defendant entered the State Building Annex with intent to steal, the prosecution was simply theorizing with respect to defendant's intention and was not restricting itself to proving larceny. And since defendant's breaking and entering the building permits the inference that he intended to commit a crime, the intent element for third degree burglary was satisfied (*People v Wright,* 92 AD2d 722, 723); hence, the trial court was not bound to charge regarding the elements of larceny.

The argument that it was error to provide the jury with written instructions concerning the charges is untenable. Not only does the CPL permit the trial court to furnish the jury written lists of the submitted offenses (CPL 310.20), but defense counsel examined the written guidelines and expressly approved them.

Given the fact of defendant's conviction, the evidence presented at trial must be viewed in a light most favorable to the People (*People v Thompson,* 94 AD2d 898, 899). Judged in that fashion, guilt was proven beyond a reasonable doubt.

We have considered defendant's other arguments and find them to be without merit.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.