■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. CLEMINS, Appellant.—Casey, J.

Defendant was indicted for burglary in the first degree, unlawful imprisonment in the first degree and assault in the third degree. He was convicted after trial of burglary in the second degree and unlawful imprisonment in the first degree, and was sentenced as a second felony offender to concurrent indeterminate prison terms of 7 to 14 years on the burglary charge and 1½ to 3 years on the unlawful imprisonment charge.

Defendant's crimes arose on February 1, 1986 when, after partying with his sister and her boyfriend, he requested that the friend stop the car at about 4:15 A.M. so that defendant could visit his girlfriend (hereinafter the victim) at the apartment where she was then staying. The victim, who was six months pregnant, had previously left defendant's residence where she had been living with her 14-month-old son and had returned to the apartment of her estranged husband, Joseph Labour, because defendant had assaulted her. Due to the assault, the victim had obtained an order of protection against defendant requiring him not to verbally or physically abuse her. Despite this order, defendant kicked in the door of Labour's apartment and broke some furniture in the living room where the child was sleeping. He then entered the bedroom where the victim and Labour were and dragged the victim from the bedroom, argued with her on the porch, pushed her into the back seat of the waiting vehicle and sat on her. The driver refused defendant's request to drive away and defendant grabbed him around the throat and demanded that he drive. Defendant's sister put the vehicle into the park position and removed the keys. The sister then left the vehicle to call the police. Defendant dragged the victim from the vehicle and down the street by her sweat shirt and hair. Labour appeared and fired a shotgun into the air. Defendant then released the victim and fled the scene. After being tracked by a State Police canine, defendant was arrested for violating the order of protection.

On this appeal, defendant initially contends that he was deprived of the effective assistance of counsel. The record demonstrates otherwise. Defense counsel stressed that defendant had gone to Labour's apartment to talk to the victim, and not to assault her or commit any other crime, and that he never struck her. Although charged with burglary in the first degree, defendant was convicted of the reduced charge of burglary in the second degree. This crime was charged by County Court as a lesser included offense of the charge of burglary in the first degree. In the generally undisputed circumstances previously outlined, such charge required a finding that defendant knowingly entered a dwelling with intent to commit a crime therein. Although defendant claimed that he entered the dwelling only for the purpose of talking to the victim in order to resume their relationship, the jury could properly find from defendant's actions that he entered with the intent to assault her, unlawfully imprison her, show his contempt for the order of protection or commit criminal mischief. Since the intent to commit any crime will satisfy the statute *(People v Mackey,* 49 NY2d 274), the verdict of guilty on this count is sufficiently supported and defense counsel can hardly be considered to have provided ineffective assistance just because defendant's guilt of burglary in the second degree was found by the jury, when it also acquitted him of assault in the third degree.

As to defense counsel's claimed failure to make motions, it is significant that defendant gave no statement or admission, no inculpatory evidence was ever seized and defendant's identification as the perpetrator was not an issue. There was, therefore, no need for a suppression motion. Defense counsel did make and argue a *Sandoval* motion before trial. Defendant further claims that defense counsel should have objected to the introduction of the order of protection and that the verdict of guilty on the unlawful imprisonment count is repugnant to the jury's finding of not guilty on the assault. We disagree. The order of protection was predicated on defendant's prior unrelated assault of the victim and was, therefore, properly admitted as relevant to the issue of defendant's motive and intent *(see, People v Ely,* 68 NY2d 520; *People v Ventimiglia,* 52 NY2d 350). County Court admitted the order of protection for that purpose and limited its consideration by appropriate instructions. As to the testimony about defendant's prior assault of the victim, which was the basis for the order of protection, we find such testimony inextricably interwoven with the issuance of the order of protection and,

therefore, properly admitted *(see, People v Simpson,* 132 AD2d 894, *lv denied* 70 NY2d 937). The claim of repugnancy is meritless. The jury's acquittal on the charge of assault in the third degree did not preclude a finding that defendant had exposed the victim to a risk of serious physical injury.

After the *Sandoval* hearing, County Court held that if defendant testified he could be cross-examined regarding two previous 1975 convictions of petit larceny and grand larceny. Inasmuch as those prior convictions evidenced defendant's willingness to place his own interests above those of society and indicated his character with regard to truthfulness, the ruling should not be disturbed.

Finally, we find no prejudice in the prosecutor's summation. The summation of the prosecutor was based on facts in evidence or on inferences to be drawn from those facts. Nothing in the prosecutor's summation deprived defendant of a fair trial. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.