■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FOLSOM, JR., Appellant. [675 NYS2d 463] —Crew III, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered February 27, 1997, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal mischief in the fourth degree and criminal contempt in the second degree.

On August 10, 1996, defendant broke into and ransacked the apartment of his estranged wife located in the City of Elmira, Chemung County, in violation of a protective order issued July 28, 1996 directing that he have no contact with her. As a consequence, defendant was indicted and charged with burglary in

the second degree, criminal mischief in the fourth degree and criminal contempt in the second degree. Following a jury trial, defendant was found guilty as charged and sentenced as a second felony offender to a definite term of imprisonment of 12 years for the burglary and one year each for the criminal mischief and criminal contempt charges.

On this appeal, defendant contends that the proof was insufficient to establish that the apartment entered was a dwelling and, further, that the sentence imposed was harsh and excessive. We disagree.

At trial, Daniel Sincock testified that he owned the home next door to the building housing the apartment in question. He further testified that he was aware that a woman lived in that apartment and that he had seen her coming and going day in and day out for one month. Additionally, the arresting officer testified that when he entered the apartment, he found a refrigerator partially blocking the doorway and food strewn all over the floor. Finally, the officer testified that he knew defendant's wife and knew that she resided in the apartment in question. Such evidence clearly was sufficient to establish that the place entered by defendant was a dwelling. Finally, given defendant's previous criminal record, which includes convictions for attempted burglary, assault, criminal mischief and petit larceny, together with his admission that he entered the apartment with the intent of beating his wife, it can hardly be said that County Court abused its discretion in sentencing defendant to a definite prison term of 12 years. Accordingly, the judgment should be affirmed.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.