■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL VANDEWALLE, JR., Appellant. [847 NYS2d 816]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered September 13, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal trespass in the second degree (15 counts), criminal contempt in the second degree (two counts), criminal contempt in the first degree, and aggravated harassment in the second degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the conviction of burglary in the second degree (Penal Law § 140.25 [2]) to criminal trespass in the second degree (§ 140.15) and reducing the conviction of criminal contempt in the first degree (§ 215.51 [b] [iv]) to criminal contempt in the second degree (§ 215.50 [3]) and vacating the sentences imposed on counts 16 and 20 of the indictment and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for sentencing on criminal trespass in the second degree and criminal contempt in the second degree.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of burglary in the second degree (Penal Law § 140.25 [2]) and criminal contempt in the first degree (§ 215.51 [b] [iv]), two counts of criminal contempt in the second degree (§ 215.50 [3]), three counts of aggravated harassment in the second degree (§ 240.30 [1] [b]), and 15 counts of criminal trespass in the second degree (§ 140.15), arising from defendant's repeated violations of orders of protection requiring defendant to stay away from his girlfriend and her home, to avoid any contact or communication with her, and to refrain from any offensive conduct with respect to her.

We agree with defendant that the evidence with respect to the burglary conviction is legally insufficient to establish that, upon his entry into the trailer, he intended to commit a crime in the trailer beyond the crime of criminal contempt, based on his violation of the order of protection, i.e., his unlawful proximity, contact, or communication with the girlfriend, that had made the entry into the trailer unlawful in the first instance (*cf. People v Lewis*, 5 NY3d 546, 551-553 [2005]; *People v Polanco*, 279 AD2d 307 [2001], *lv denied* 96 NY2d 833 [2001]; *People v Folsom*, 252 AD2d 834 [1998], *lv denied* 92 NY2d 981 [1998]; *People v Clemins*, 158 AD2d 854, 855 [1990], *lv denied* 76 NY2d 732 [1990]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Indeed, we conclude that there can be no conviction of burglary in this case unless it can be reasonably inferred that defendant, at the time of the unlawful entry, intended to engage in offensive conduct against his girlfriend, the occupant of the trailer, in violation of the order of protection. We further conclude that the "intent to commit a crime therein" element of burglary cannot be satisfied by intended conduct that would be innocuous if the order of protection did not prohibit it, and that such insufficient intended conduct would include the defendant's mere "contact" or "communication" with—or proximity to—the occupant of the building named in the order of protection. Unlike the situation in *Lewis*, the evidence in this case does not permit the inference that, at the time of his entry, defendant intended to harass, menace, intimidate, threaten or interfere with his girlfriend. Rather, the evidence established only that he intended to embrace his girlfriend, profess his love for her, and essentially say goodbye to her and that his girlfriend did not find his actions unwelcome since she hugged defendant, kissed him and told him goodbye. Although defendant seeks reversal of the conviction of burglary in the second degree, we conclude that the conviction must be reduced to criminal trespass in the second degree under Penal Law § 140.15 (*see generally* CPL 470.15 [2] [a]). We therefore modify the judg-

ment accordingly, and we remit the matter to County Court for sentencing on criminal trespass in the second degree.

We further agree with defendant with respect to the conviction of criminal contempt in the first degree that the evidence is legally insufficient to establish that he intended by his voice mails to harass, annoy, threaten, or alarm his girlfriend and that he lacked any purpose of legitimate communication (*see* Penal Law § 215.51 [b] [iv]; *see also People v Summons*, 12 Misc 3d 131[A], 2006 NY Slip Op 51078[U] [2006]; *People v Webers*, 9 Misc 3d 135[A], 2005 NY Slip Op 51673[U] [2005]; *cf. People v Roman*, 13 AD3d 1115, 1116 [2004], *lv denied* 4 NY3d 802 [2005]; *People v Little*, 14 Misc 3d 70, 72 [2006], *lv denied* 8 NY3d 924 [2007], *cert denied* — US —, 128 S Ct 200 [2007]; *see generally Bleakley*, 69 NY2d at 495). The only inference to be drawn from the evidence is that defendant left the voice mails with the intent to continue or further the couple's relationship, and no inference may be drawn that he intended to harass, annoy, threaten, or alarm his girlfriend. Thus, we conclude that the conviction of criminal contempt in the first degree must be reduced to criminal contempt in the second degree under Penal Law § 215.50 (3) (*see generally* CPL 470.15 [2] [a]; *People v Demisse*, 24 AD3d 118 [2005], *lv denied* 6 NY3d 833 [2006]; *People v Dewall*, 15 AD3d 498, 501 [2005], *lv denied* 5 NY3d 787 [2005]). We therefore further modify the judgment accordingly, and we further remit the matter to County Court for sentencing on criminal contempt in the second degree.

We have considered defendant's remaining contentions and conclude that they are without merit. Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of three counts of aggravated harassment in the second degree under Penal Law § 240.30 (1) (a), and it must therefore be amended to reflect that he was convicted under Penal Law § 240.30 (1) (b) (*see People v Saxton*, 32 AD3d 1286 [2006]). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.