The People of the State of New York, Respondent, v George Ramadhan, Appellant. [854 NYS2d 717]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 3, 2004, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of eight years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of four years, and otherwise affirmed.

The court properly responded to a note from the deliberating jury by defining the crime of coercion and informing the jury that if defendant entered the premises in question with intent to commit that crime, this would satisfy the element of intent to commit a crime under second-degree burglary. The People did not limit their theory of the case to any particular intended crime (*compare People v Barnes*, 50 NY2d 375, 379 n 3 [1980]). The fact that, in summation, the prosecutor suggested assault and unlawful imprisonment as possible intended crimes did not constitute a limitation on the theory of prosecution (*see People v Bess*, 107 AD2d 844, 846 [1985]). Furthermore, the supplemental charge was fully consistent with the trial evidence.

The court properly permitted the People to introduce evidence of threats received during trial by two of the witnesses, since there was sufficient circumstantial evidence to connect the threatening conduct to defendant and to warrant an inference as to his consciousness of guilt (*see People v Bonnemere*, 308 AD2d 418 [2003], *lv denied* 1 NY3d 568 [2003]). The court provided an extensive limiting instruction, which the jury is presumed to have followed.

We find the sentence excessive to the extent indicated. Concur—Lippman, P.J., Friedman, Catterson and Moskowitz, JJ.