■ The People of the State of New York, Respondent, v Kevin J. Barlow, Sr., Appellant. [894 NYS2d 282]—

Appeal from a judgment of the Oswego County Court (David J. Roman, J.), rendered October 16, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Oswego County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). We agree with defendant that the plea is invalid based on the factual insufficiency of the plea allocution. We note at the outset that defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution by failing to move to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]). Nevertheless, we conclude that this case falls within the narrow exception to the preservation requirement because "defendant's recitation of the facts underlying the crime pleaded to clearly cast[ ] significant doubt upon the defendant's guilt," and County Court failed to conduct the requisite further inquiry to ensure that the plea was knowingly and voluntarily entered (*id.* at 666; *People v Hall*, 50 AD3d 1467, 1468 [2008], *lv denied* 11 NY3d 789 [2008]). Where, as here, the defendant enters the residence of an individual in violation of an order of protection, "the 'intent to commit a crime therein' element of burglary cannot be satisfied by intended conduct that would be innocuous if the

order of protection did not prohibit it" (*People v VanDeWalle*, 46 AD3d 1351, 1352 [2007], *lv denied* 10 NY3d 845 [2008]). Although defendant admitted during the plea colloquy that he remained in the residence of the victim, his estranged wife, in violation of an order of protection, the plea colloquy does not establish that defendant intended to commit any further crime therein. Indeed, defendant challenged the People's allegations that he had committed further criminal conduct. We also agree with defendant that his purported waiver of the presentence investigation and written report of the investigation pursuant to CPL 390.20 (4) (a) was invalid. Such a waiver is not authorized where, as here, an indeterminate sentence of imprisonment is to be imposed (*see id.*). In light of our determination, we do not reach defendant's remaining contention. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.