[979 NE2d 240, 955 NYS2d 296]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOR-
MAN CAJIGAS, Appellant.

Argued September 7, 2012; decided October 23, 2012

## POINTS OF COUNSEL

*Center for Appellate Litigation*, New York City (*Jonathan M. Kirshbaum* and *Robert S. Dean* of counsel), for appellant. The court erred in failing to charge the jury that the intent to commit a crime therein element of burglary cannot be satisfied by intended conduct that would not constitute a crime in the absence of a "stay away" provision in an order of protection. (*People v VanDeWalle*, 46 AD3d 1351, 10 NY3d 845; *People v Lewis*, 5 NY3d 546; *People v Mahboubian*, 74 NY2d 174; *People v Gaines*, 74 NY2d 358; *People v Blacknall*, 63 NY2d 912; *People v Gilbo*, 28 AD3d 945, 7 NY3d 756; *People v Barlow*, 70 AD3d 1489; *People v Polanco*, 279 AD2d 307, 96 NY2d 832; *People v Cassidy*, 40 NY2d 763; *People v Duncan*, 46 NY2d 74.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Britta Gilmore* and *Susan Gliner* of counsel), for respondent. I. As the Appellate Division found, the "intent to commit a crime therein" element of defendant's attempted burglary conviction was supported by evidence that was legally sufficient under both the common-law theory of that crime, as well as the alternative theory established by the statute which created orders of protection. (*People v Lewis*, 5 NY3d 546, 13 AD3d 208; *People v Mahboubian*, 74 NY2d 174; *People v Mackey*, 49 NY2d 274; *People v Gilligan*, 42 NY2d 969; *People v Saunders*, 210 AD2d 164; *People v Melendez*, 206 AD2d 270; *People v Martin*, 245 AD2d 833; *People v Ponnapula*, 229 AD2d 257.) II. The trial court properly instructed the jury that the intent to commit a crime element of burglary could be established by proof that when defendant illegally entered the victim's apartment, he intended to engage in conduct violating at least one provision in the order of protection, other than the one that barred him from the victim's residence. (*People v VanDeWalle*, 46 AD3d 1351; *People v Ponnapula*, 229 AD2d 257; *People v Martinez*, 83 NY2d 26; *People v Lewis*, 5

NY3d 546; *People v Carpio*, 39 AD3d 433; *People v Polanco*, 279 AD2d 307; *People v Gilbo*, 28 AD3d 945; *People v Gaines*, 74 NY2d 358.)

## OPINION OF THE COURT

GRAFFEO, J.

In this case involving the violation of an order of protection, we consider whether the mens rea element of burglary may be satisfied by an intent to commit an act that would not be illegal in the absence of the order.

In 2005, defendant Norman Cajigas moved into the apartment where his paramour, Maria, resided with her teenage daughter. He eventually became physically abusive toward the woman and moved out of the dwelling in October 2006. Defendant soon began to stalk Maria on a virtually daily basis. This behavior escalated to a physical assault in November 2006.

After that incident, Maria obtained an order of protection that required defendant to refrain from contacting her in any manner and to stay away from her, her residence and place of work. In April 2007, defendant violated the order by going to Maria's home. He was charged with criminal contempt in the second degree and another order of protection was issued.

The following month, Maria and her daughter moved to a new apartment but defendant's conduct continued, even after he was convicted of the pending second-degree contempt charge. In July, defendant spoke to Maria at a hair salon where she was a patron. Later that day, defendant confronted Maria on the street and did not leave her alone until he saw police officers approaching.

Several days after these incidents, Maria's daughter was home alone when she heard someone trying to open the front door of the apartment. She saw defendant through the peephole and asked him what he wanted. After defendant backed away, the girl telephoned her mother and the police were summoned. Defendant then tried to put something into the lock to open the door. He fled after the girl spoke to him a second time.

Based on this incident, defendant was indicted for attempted burglary in the second degree and several counts of criminal contempt in the first degree. At trial, defense counsel argued that *People v Lewis* (5 NY3d 546 [2005]) and its progeny prevented the People from using a violation of the order of protection to prove two elements of burglary—unlawful entry

and the intent to commit a crime therein. Although *Lewis* held that both components cannot be established by the violation of a "stay away" provision, the defense argued that the mens rea element also could not be satisfied by an intention to commit an act that would not be illegal—such as attempting to communicate with Maria or her daughter—but for the proscriptions of the order of protection. After extended discussions with counsel, Supreme Court declined to charge the jury as the defense requested, instead instructing that the intent element is established if defendant intended to violate a provision in the order other than the restriction prohibiting him from going to Maria's apartment.

Jury deliberations ensued and, in response to a note from the jury and over defendant's renewed objection, Supreme Court explained that

> "[a]s used in the definition of the crime of burglary, the element of intent—that is, the intent to commit a crime therein element of burglary—is not satisfied solely by a defendant's intent to violate an Order of Protection by entering the dwelling that the Order of Protection declares off-limits.

> "There must also be evidence that the defendant intended to engage in some of the conduct prohibited by the Order of Protection while in the banned premises beyond just staying away from the home of the person[,] or to engage in another separate crime.

> "So, the element requires something beyond the notion of a trespass.

> "Before a jury can find the intent to commit a crime therein element satisfied by an intent to violate an Order of Protection, the jury must find that the defendant intended to engage in conduct prohibited by the Order of Protection apart from the prohibition in the Order of Protection [that] the defendant not go to the home of the complainant."

A similar supplemental instruction was issued after the jury sought further clarification.

Defendant was convicted on all counts and adjudicated a second violent felony offender. He was sentenced to $6^{1}/_{2}$ to 8 years in prison, along with five years of postrelease supervision.

The Appellate Division affirmed, concluding that it was proper to deny defendant's proposed jury instruction (82 AD3d 544, 546 [1st Dept 2011]). A Judge of this Court granted defendant leave to appeal (17 NY3d 814 [2011]).

Burglary, in its simplest form, is a trespass into a building coupled with the intent to commit a crime therein (*see* Penal Law § 140.20). Trespass occurs when the entry is knowingly unlawful (*see* Penal Law § 140.05). An order of protection, which typically requires a person to stay away from a victim's home or place of employment and to refrain from any contact (*see* CPL 530.13 [1], [4]), can be used to establish a knowing and unlawful entry since going to a protected person's home—even by invitation or permission—contravenes the terms of the order of protection (*see People v Lewis*, 5 NY3d at 552).

The issue here is whether the intent to do something inside the residence that would be legal in the absence of the order of protection establishes the requisite criminal state of mind to elevate the trespass to a burglary. Defendant asks us to adopt the Fourth Department's rule that the intent element of burglary "cannot be satisfied by intended conduct that would be innocuous if the order of protection did not prohibit it" (*People v VanDeWalle*, 46 AD3d 1351, 1352 [4th Dept 2007], *lv denied* 10 NY3d 845 [2008]). The People, in contrast, rely on decisions by the First and Third Departments that held that a burglary conviction may be premised on an intent to engage in conduct that would be legal if it was not outlawed by an order of protection (*see People v Carpio*, 39 AD3d 433 [1st Dept 2007], *lv denied* 9 NY3d 873 [2007]; *People v Gilbo*, 28 AD3d 945 [3d Dept 2006], *lv denied* 7 NY3d 756 [2006]). We conclude that the principle articulated by the First and Third Departments is more consistent with the text of the burglary statutes and the rationale in *Lewis*.

To begin, the People are not required to prove the particular crime that the defendant intended to commit inside the burglarized structure (*see e.g. People v Mahboubian*, 74 NY2d 174, 193 [1989]). Except for the violation of a stay-away provision in an order of protection (*see People v Lewis*, 5 NY3d at 552-553), any crime will suffice under the burglary statutes (*see* Penal Law §§ 140.20, 140.25, 140.30). Actions that violate aspects of an order of protection may be prosecuted as criminal contempt in the second degree (*see* Penal Law § 215.50 [3] [a class A misdemeanor]), criminal contempt in the first degree (*see* Penal Law § 215.51 [b] [a class E felony]) or aggravated criminal contempt

(*see* Penal Law § 215.52 [a class D felony]). The precise charge depends, of course, on the nature and severity of the violation. But the fact that the defendant's actions would have been legal but for the issuance of the order of protection does not immunize such conduct from prosecution under these statutes. Hence, even an act that would otherwise not be illegal can be viewed as a crime and the intent to commit this act inside a building may be used to prove a burglary charge (*see People v Lewis*, 5 NY3d at 552-553 [aside from a violation of a stay-away provision, conduct that is "prohibited by an order of protection . . . can serve as predicate crimes for the 'intent to commit a crime therein' element of burglary"]).

These principles were properly applied by the trial court in response to defendant's requested jury charge. The court instructed that the mens rea element of burglary would be satisfied if the jury found that "defendant intended to engage in some of the conduct prohibited by the Order of Protection while in the banned premises beyond just staying away from the home of the person[,] or to engage in another separate crime."

We are mindful that an attempted or completed burglary premised on a violation of an order of protection may result in the prosecution of a relatively serious offense. A second-degree burglary charge, for example, is a class C violent felony punishable by a determinate prison term between $3^1/2$ to 15 years plus a period of postrelease supervision (*see* Penal Law § 70.02 [1] [b]; [3] [b]). Defendant's attempt to commit the offense was a class D violent felony for which a determinate sentence from 2 to 7 years could be imposed (*see* Penal Law § 70.02 [1] [c]; [3] [c]). In setting the classifications of these offenses, the legislature was most likely concerned that domestic violence and stalking were too prevalent and needed to be deterred with meaningful penal consequences, including those attendant to a burglary conviction. As the facts of this case demonstrate, perpetrators of these offenses frequently engage in persistent and often escalating courses of conduct that cause victims to be emotionally terrorized—if not worse.

We can conceive of scenarios under which punishments like these arguably could be viewed as disproportionate to the offense—such as when a paramour goes to the victim's home at that person's request or, as in *VanDeWalle*, to say a final goodbye. In these instances, prosecutorial discretion comes into play. Identifying where cases fall on the spectrum of seriousness ranging from misdemeanor crime to violent felony offense with

mandatory prison time is a fundamental component of the District Attorney's inherent discretion to file an appropriate charge at the outset of a prosecution (*see generally People v Mattocks*, 12 NY3d 326, 334 [2009]). For example, in their efforts to deal with the defendant in this case, the People's initial prosecution was for misdemeanor assault and then second-degree criminal contempt. It was only after defendant's behavior continued unabated that he was indicted for attempted second-degree burglary and first-degree criminal contempt. Although the facts underlying other cases may justify a charge of criminal contempt rather than burglary, defendant's persistent and blatant disregard of the conditions of the orders of protection warranted the higher degree of culpability reflected in an attempted burglary conviction.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.