Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 2, 2012. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and criminal contempt in the second degree (four counts).
It is hereby ordered that the judgment so appealed from is modified on the law by reversing that part convicting defendant of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]) and dismissing the first count of the indictment and as modified the judgment is affirmed and the matter is remitted to Genesee County Court for proceedings pursuant to CPL 460.50 (5).
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]) and four counts of criminal contempt in the second degree (§ 215.50 [3]), arising from defendant’s violation of an order of protection directing him, inter alia, to refrain from communicating by telephone with his former girlfriend, the mother of defendant’s child. We agree with defendant that the evidence is legally insufficient to support the conviction of criminal contempt in the first degree. Even assuming, arguendo, that the evidence is legally sufficient to establish that defendant repeatedly made telephone calls to his ex-girlfriend, we agree with him that the evidence is legally insufficient to establish that he intended by those calls to harass, annoy, threaten or alarm her, with no purpose of legitimate communication (see § 215.51 [b] [iv]; People v VanDeWalle, 46 AD3d 1351, 1353 [2007], lv denied 10 NY3d 845 [2008], abrogated on other grounds People v Cajigas, 19 NY3d 697, 701 [2012]). Rather, the only inference to be drawn from the evidence is that defendant made the calls with the intent to discuss issues of child support and visitation, not to harass, annoy, threaten or alarm his ex-girlfriend. We therefore modify the judgment accordingly. We further conclude, however, that the evidence is legally sufficient to establish that defendant intentionally disobeyed the order of protection by making four telephone calls to the former girlfriend over the course of eight days (see People v Levi, 55 AD3d 625, 625-626 [2008], lv denied 11 NY3d 926 [2009]). The evidence is thus legally sufficient with respect to the conviction of criminal contempt in the second *1065 degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
All concur except Scudder, EJ., and Peradotto, J., who dissent in part and vote to affirm in the following memorandum.