# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

348

KA 13-00968

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ALFRED MACK, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 16, 2013. The judgment convicted defendant, upon a jury verdict, of criminal trespass in the second degree, burglary in the second degree, criminal contempt in the second degree and criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal trespass in the second degree (Penal Law § 140.15 [1]), burglary in the second degree (§ 140.25 [2]), criminal contempt in the second degree (§ 215.50 [3]), and criminal contempt in the first degree (§ 215.51 [b] [v]). The conviction arises out of two incidents on the same night in which defendant, in violation of an order of protection, entered the home of his former girlfriend and attacked her. We reject defendant's contention that Supreme Court erred in denying his request to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. In order to establish entitlement to a charge on a lesser included offense, "a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense" (*People v James*, 11 NY3d 886, 888; *see People v Van Norstrand*, 85 NY2d 131, 135; *People v Glover*, 57 NY2d 61, 63; *see also* CPL 1.20 [37]; 300.50 [1], [2]). Here, the only reasonable view of the evidence is that defendant knowingly entered or remained unlawfully in a dwelling (*see* Penal Law § 140.15 [1]), intending to engage in conduct prohibited by the order of protection while in the banned premises that went beyond criminal trespass, thereby satisfying the " 'intent to commit a crime therein' element of burglary" (*People*

*v Lewis*, 5 NY3d 546, 548; *see also* Penal Law § 140.25; *People v Cajigas*, 19 NY3d 697, 701-702).  Contrary to defendant's further contention, "the court properly denied defendant's request to charge criminal contempt in the second degree . . . as a lesser included offense of criminal contempt in the first degree because no reasonable view of the evidence 'would support a finding that [defendant] committed the lesser offense but not the greater' " (*People v Wilson*, 55 AD3d 1273, 1274, *lv denied* 11 NY3d 931).

We reject defendant's contention that prosecutorial misconduct on summation deprived him of a fair trial.  Even assuming, arguendo, that some of the prosecutor's remarks were improper, we conclude that they were not so egregious as to deprive defendant of a fair trial, and any prejudice was alleviated by the court's prompt curative instruction and its later instruction that the jury "may not consider sympathy" (*People v Melendez*, 11 AD3d 983, 984, *lv denied* 4 NY3d 888; *see People v Riley*, 117 AD3d 1495, 1496, *lv denied* 24 NY3d 1088).  Finally, we reject defendant's contention that the court improperly limited his testimony on redirect examination.  The extent of redirect examination is within the sound discretion of the trial court, and the testimony sought here was properly excluded because it would not have explained or clarified any testimony that had been elicited on cross-examination (*see People v Melendez*, 55 NY2d 445, 451-453).

Entered:  May 8, 2015

Frances E. Cafarell
Clerk of the Court