■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HUGHES, Appellant. [63 NYS3d 308]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered February 14, 2014, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, and also convicting him of violation of probation, revoking a prior sentence of probation and resentencing

him to a concurrent term of one year, and judgment, same court (Maxwell Wiley, J.), rendered September 19, 2012, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing to a term of six months concurrent with five years' probation, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's credibility determinations. Regardless of whether it is viewed as a legal insufficiency claim or a repugnant verdicts claim, defendant's argument that his acquittal of robbery rendered his burglary conviction legally defective was not raised at a time when it could have been cured by resubmission to the jury, and it is thus unpreserved (*see generally People v Gray*, 86 NY2d 10, 20-21 [1995]). In any event, the verdict was not legally repugnant (*see People v Muhammad*, 17 NY3d 532, 540 [2011]), because, under the court's charge, the jury could have found defendant guilty of burglary (under a theory of intent to commit an unspecified crime), but not guilty of robbery, and the factually mixed verdict does not result in legal insufficiency (*see People v Abraham*, 22 NY3d 140, 146-147 [2013]). While we may consider an alleged factual inconsistency in a verdict in performing our weight of the evidence review (*see People v Rayam*, 94 NY2d 557, 563 n [2000]), and weight of the evidence arguments do not require preservation (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]), we find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (*People v Horne*, 97 NY2d 404, 413 [2002]; *see also People v Hemmings*, 2 NY3d 1, 5 n [2004]).

The court properly declined defendant's request to charge the jury that the People were required to prove that defendant entered unlawfully with the intent to commit robbery. The People did not limit their theory of the case to any particular intended crime (*compare People v Barnes*, 50 NY2d 375, 379 n 3 [1980]). While the People argued in summation that robbery was the crime that defendant intended to commit, that did not constitute a limitation on the theory of prosecution (*see People v Ramadhan*, 50 AD3d 339 [1st Dept 2008]; *People v Bess*, 107 AD2d 844, 846 [3d Dept 1985]). The record does not support defendant's assertion that, at a presummations conference, the court itself expressly limited the People to a robbery theory. In any event, there was no unfairness, because it was clear to the jury that if it accepted defendant's theory of the case, it would be required to acquit him of both burglary and robbery.

With regard to defendant's 2012 conviction of second-degree assault, his challenges to his guilty plea are unpreserved (*see People v Conceicao*, 26 NY3d 375, 382 [2015]) and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see People v Monk*, 21 NY3d 27, 32-33 [2013]). Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.