People v Willard (2018 NY Slip Op 01963)





People v Willard


2018 NY Slip Op 01963


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

108184

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PAUL K. WILLARD, Appellant.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 14, 2015, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree, kidnapping in the second degree and criminal contempt in the first degree.
Defendant was charged by indictment with burglary in the first degree, kidnapping in the second degree and criminal contempt in the first degree. The charges stemmed from an incident in which defendant, in the middle of the night and carrying a rifle, entered the home where his former girlfriend (hereinafter the victim) was living with her children, put the
gun to her head and abducted her from a bed where she was sleeping with their young daughter. A no-contact order of protection had been issued weeks earlier in favor of the victim and the daughter. Defendant threatened to shoot anyone who tried to stop him and forced the victim at gunpoint to leave with him, carrying her on his shoulder to her truck, and then drove off with her; he eventually took the victim to his home, where she managed to escape after a neighbor intervened. The matter proceeded to trial and, after several witnesses testified and the victim concluded her direct testimony, defendant conferred with counsel and then indicated that he wanted to plead guilty to the indictment. After defendant was advised of, among other things, the maximum potential sentence for each count of the indictment, he was sworn and pleaded guilty to each of the charges with the understanding that County Court was making no sentencing promise. At sentencing, County Court placed on the record that it had received letters from defendant and his relatives raising various complaints, including allegations against counsel and, [*2]after conferring with defendant, the court relieved counsel and assigned the Public Defender to represent defendant. County Court thereafter sentenced defendant to a prison term of 15 years with five years of postrelease supervision on both the burglary and the kidnapping convictions, to be served concurrently, and a prison term of 1 to 3 years on the criminal contempt conviction, to be served consecutively. Defendant appeals.
We affirm. Defendant's challenge to his guilty plea as involuntary was not preserved by a postallocution motion to withdraw his plea, despite ample opportunity to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-222 [2016]; People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Evans, 156 AD3d 1246, 1247 [2017]). Defendant's reliance upon his unsworn statements in a postplea letter sent to County Court prior to sentencing, which contradicted his sworn plea allocution, is unavailing, as this neither properly preserved this issue for appeal nor constituted a motion to withdraw his guilty plea. Moreover, substitute counsel was thereafter assigned to represent defendant, and the record reflects that defendant conferred with counsel, who advised him regarding the consequences of moving to withdraw his plea and counsel's opinion on the likely outcome of a second trial. The court also directly inquired regarding the complaints in defendant's letter, which defendant expressly waived, indicating that he did not need time to further discuss the matter with counsel and wished to proceed with sentencing. Accordingly, we find that defendant, represented by counsel, was aware of his rights, specifically including his right to move to withdraw his guilty plea, and knowingly waived any claims regarding his plea.
Contrary to defendant's arguments regarding his allocution to the burglary in the second degree charge, the record does not reflect that he made any statements during the plea allocution or at sentencing that cast doubt on his guilt, negated an element of the crime or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Williams, 27 NY3d at 219-220; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Peterson, 147 AD3d 1148, 1149 [2017]; cf. People v Gresham, 151 AD3d 1175, 1177-1178 [2017]). To that end, defendant admitted that he entered the home where the victim was staying intending to commit a crime therein, while armed with a loaded rifle that he pointed at the victim (see Penal Law § 140.30 [4]). As "the People are not required to prove the particular crime that the defendant intended to commit inside the burglarized structure" (People v Cajigas, 19 NY3d 697, 701 [2012]), County Court was not required to ascertain from defendant his particular intent in entering the home. Although defendant indicated during the allocution that he did not enter the home intending to abduct the victim, this merely reflected that this was not the particular crime that defendant intended to commit when he entered, and did not negate his admitted intent to commit a crime at the time of his unlawful entry. The fact that the particular crime was not specified or allocuted to did not render the plea allocution deficient or trigger a duty of further inquiry [FN1]. Further, given that the burglary was complete once defendant entered the home, and that his subsequent abduction of the victim at gunpoint and transport to his home could be viewed as a separate and distinct act, the court did not err in advising defendant, [*3]after he indicated a desire to enter a guilty plea to the indictment, that he faced potential consecutive sentences on the burglary and kidnapping counts (see Penal Law § 70.25 [2]; People v McKnight, 16 NY3d 43, 47-48 [2010]; People v Thorpe, 141 AD3d 927, 935 [2016], lv denied 28 NY3d 1031 [2016]). Were we to address his challenge, we would find that his guilty plea was, in all respects, a knowing, voluntary and intelligent choice among known alternatives (see People v Fiumefreddo, 82 NY2d 536, 546 [1993]; People v Hollenbeck, 152 AD3d 974, 975 [2017], lv denied 30 NY3d 1061 [2017]).
Finally, we are unpersuaded by defendant's contention that the sentence, which was far less than the maximum potential sentence had he been convicted after a trial, was harsh and excessive. Considering the violent and escalating nature of defendant's conduct, and his repeated violation of orders of protection, we find no extraordinary circumstances or abuse of discretion that would warrant a reduction of the sentence in the interest of justice (see People v Girard, 111 AD3d 1153, 1154 [2013], lv denied 23 NY3d 1036 [2014]). Defendant's remaining claims similarly lack merit.
Devine, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant also admitted that he intended to violate the order of protection at the time that he unlawfully entered the home, we note that neither the indictment nor the allocution limited the theory of the burglary charge to this crime. County Court was not required to ask defendant to further elaborate on his criminal intent (cf. People v Cajigas, 19 NY3d at 701-702; People v Womack, 143 AD3d 1171, 1171 [2016], lv denied 28 NY3d 1151 [2017]).