People v Jasiewicz (2018 NY Slip Op 04782)





People v Jasiewicz


2018 NY Slip Op 04782


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

107496

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PATRICK P. JASIEWICZ, Appellant.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Lisa A. Burgess, Indian Lake, for appellant, and appellant pro se.
Andrew J. Wylie, District Attorney, Plattsburgh (Timothy G. Blatchley of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered February 10, 2015, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree, burglary in the second degree, resisting arrest and obstructing governmental administration in the second degree, and (2) from a judgment of said court, rendered February 10, 2015, which resentenced defendant.
On January 24, 2014, in violation of an order of protection, defendant entered an enclosed porch at the victim's residence and allegedly kicked and pounded on her door and yelled at her to let him inside. The police were dispatched due to the victim's 911 call, and, upon arrival, a struggle between them and defendant ensued. The police made several attempts to subdue defendant using a taser and eventually placed defendant under arrest. Defendant was indicted and, following a jury trial, convicted of criminal contempt in the first degree, burglary in the second degree, resisting arrest and obstructing governmental administration in the second degree. County Court thereafter sentenced defendant to an aggregate prison term of 15 years followed by five years of postrelease supervision. Defendant was later resentenced due to an error in the sentence imposed for his criminal contempt conviction, but the aggregate sentence and postrelease supervision time remained the same. Defendant now appeals from the judgment of conviction and the resentence.
Initially, defendant appears to make several pro se contentions challenging the verdict as against the weight of the evidence. In determining whether defendant's convictions were against the weight of the evidence, we first must determine whether a different result would have been unreasonable; if not, we then "weigh conflicting testimony, review[ing] any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the [C]ourt then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]). As relevant here, a person is guilty of criminal contempt in the first degree when, "in violation of a duly served order of protection, . . . he or she . . . by physical menace, intentionally places or attempts to place a person for whose protection such order was issued in reasonable fear of death, imminent serious physical injury or physical injury" (Penal Law § 215.51 [b] [vi]). "A person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully in a [dwelling] with intent to commit a crime therein" (Penal Law § 140.25 [2]). As for the crime of resisting arrest, the People must prove that the defendant "intentionally prevent[ed] or attempt[ed] to prevent a police officer . . . from effecting an authorized arrest of himself [or herself]" (Penal Law § 205.30). Additionally, a person is guilty of obstructing governmental administration in the second degree when he or she "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05).
Here, the victim testified that she had been romantically involved with defendant and that, in November 2013, defendant arrived at her residence and "call[ed] [her] names," "banged on [her] door" and said, "I will kill you." The victim then called 911 and eventually obtained an order of protection against defendant. Several months later, on the day in question, the victim heard "banging and crashing" coming from her enclosed porch. Fearing that defendant was going to kill her, she called 911. A police officer testified that, when he arrived at the scene, defendant was "punching, kicking and flailing" on the door to the victim's residence, yelling, "let me in the [expletive] house." The police officer noted that defendant's knuckles were "split open" and that his hands were "covered in blood." When the officer attempted to arrest defendant, defendant physically attacked him and knocked him to the ground. Another police officer testified that he pulled defendant off of the other officer, while defendant "continu[ed] to resist arrest by throwing fists and kicking." A third officer testified that even after one of the other officers deployed his taser, he deployed two cartridges of his own taser on defendant, which failed to fully subdue him. He testified that only after he touched the taser to the small of defendant's back were the officers able to place defendant in handcuffs.
Defendant acknowledged that he knew that there was an order of protection requiring him to stay away and refrain from contacting the victim. Defendant, however, denied ever threatening to kill the victim and indicated that, on the day in question, he had been drinking alcohol when he decided that he wanted to see the victim and tell her that he loved her. Defendant testified that he fell a few times on the way to the victim's residence, that he knocked — not pounded — on the victim's door three or four times and that, when the victim opened the door, she closed it before he could say anything. Defendant explained that he left the enclosed porch on his own accord and that, as he exited the porch, an officer told him to stop resisting, shot him with a taser and "charged [at him]." Defendant denied ever punching or attempting to punch any of the officers or otherwise resisting arrest.
Defendant concedes that he violated the underlying order of protection by being present at the victim's residence on the day in question, but contends that he did not have the requisite intent, as he did not threaten the victim and went there "to declare [his] love for her." Intent may be inferred from defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Richardson, 155 AD3d 1099, 1102-1103 [2017]), and, in light of the victim's testimony, which the jury was entitled to credit, we find that the jury's verdict convicting defendant of the crime of criminal contempt in the first degree was not contrary to the weight of the evidence (see People v Crippen, 156 AD3d 946, 950-952 [2017]; People v Richardson, 155 AD3d at 1101-1103; People v Dixon, 118 AD3d 1188, 1188-1189 [2014]). We further find that the verdict as to the remaining charges is in accord with the weight of the evidence.[FN1]
Defendant next contends that County Court's jury instruction as to the elements of the crime of burglary in the second degree was improper because, despite the People limiting their theory of the "intent to commit a crime therein" element to the crime of menacing, it failed to instruct the jury as to those elements. Initially, contrary to the People's contention, defendant's argument need not be preserved for our review because he "has a fundamental and nonwaivable right to be tried only on the crimes charged" (People v Sanford, 148 AD3d 1580, 1582 [2017] [internal quotation marks and citation omitted], lv denied 29 NY3d 1133 [2017]). We are, however, unpersuaded by defendant's contention. To secure a burglary conviction, the People need not establish what the underlying crime was or that it had been committed unless "they expressly limited their theory of the 'intent to commit a crime therein' element to a particular crime" (People v Lewis, 5 NY3d 546, 552 n 7 [2005]; see People v Bess, 107 AD2d 844, 846 [1985]). While the People suggested in their opening and closing statements that defendant intended to intimidate the victim when he arrived at her residence, that did not constitute a limitation on the theory of the prosecution (see People v Hughes, 154 AD3d 468, 469 [2017], lv denied 30 NY3d 1106 [2018]; People v Bess, 107 AD2d at 846). We therefore find that County Court's burglary jury instruction was proper.
The record indicates that following summations, but before the jury began its deliberations, defendant made a timely request for the submission of the lesser included offense of criminal trespass in the second degree (see People v Ryan, 55 AD3d 960, 964 [2008]). In our view, however, there is no reasonable view of the evidence that defendant did not, at least, intend to violate the order of protection, which prohibited communication with the victim (see People v Cajigas, 19 NY3d 697, 701-702 [2012]; People v Womack, 143 AD3d 1171, 1172 [2016], lv denied 28 NY3d 1151 [2017]). As such, defendant was not entitled to the submission of the lesser included offense (see People v Green, 141 AD3d 1036, 1042 [2016], lv denied 28 NY3d 1072 [2016]).
Nor do we find reason to disturb the sentences imposed due to defendant's extensive criminal history, which includes several felonies, the fact that he engaged in a course of conduct that [*2]resulted in the emotional terrorization of the victim, his failure to accept responsibility for the crimes and the lack of any extraordinary circumstances warranting modification of the sentence (see People v Cajigas, 19 NY3d at 702; People v Malloy, 152 AD3d 968, 971 [2017], lv denied 30 NY3d 981 [2017]; People v Griffin, 122 AD3d 1068, 1071 [2014], lv denied 25 NY3d 1164 [2015]).
We have examined the remaining arguments raised in defendant's pro se supplemental brief and find them to be lacking in merit.
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgments are affirmed.



Footnotes

Footnote 1:To the extent that defendant challenges his burglary in the second degree conviction by arguing that the enclosed porch in question does not constitute a dwelling, it is without merit, as we have held that an enclosed porch constitutes a dwelling for purposes of residential burglary (see People v Prince, 51 AD3d 1052, 1054 [2008], lv denied 10 NY3d 938 [2008]; People v Rivera, 301 AD2d 787, 788 [2003], lv denied 99 NY2d 631 [2003]).