People v Williams (2019 NY Slip Op 01331)





People v Williams


2019 NY Slip Op 01331


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


337/11 8485 8484

[*1]The People of the State of New York, Respondent,
v
Anthony Williams, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered September 17, 2013, as amended December 3, 2018, convicting defendant, after a jury trial, of criminal contempt in the first degree (three counts), assault in the third degree, falsely reporting an incident in the second degree, burglary in the second degree, forcible touching, and criminal contempt in the second degree, and sentencing him to an aggregate maximum term of 17 years and 2 months, unanimously affirmed.
Defendant's arguments concerning the sufficiency and weight of the evidence supporting the burglary conviction are unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The element of unlawful entry was amply supported by the victim's testimony that defendant entered her apartment despite her objections, as well as being in violation of an order of protection (see People v Cajigas, 19 NY3d 697, 701 [2012]; People v Lewis, 5 NY3d 546, 552 [2012]). The evidence also supports a reasonable inference that when defendant entered the apartment, he intended, at least, to threaten the victim and subject her to forcible touching.
The court properly denied defendant's request for a missing witness charge with respect to police officers who had allegedly examined damage to the victim's window caused by defendant's entry into her apartment. The officers would not have provided material testimony (see generally People v Gonzalez, 68 NY2d 424, 427 [1986]), because whether defendant caused damage when he opened the window and entered over the victim's objection was not a material issue in the context of the case.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK