People v Small
2026 NY Slip Op 03560
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN SMALL, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
300 KA 23-02010
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 15, 2023. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law
§ 140.30 [2]). We reverse. Initially, we agree with defendant that his waiver of the right to appeal is invalid. Supreme Court's oral colloquy was overbroad inasmuch as the court told defendant that his waiver of the right to appeal marks the "end of the case." Although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver "does not cure the deficient oral colloquy because the court did not inquire of defendant whether he understood the written waiver or whether he had read the waiver before signing it" (People v Augello, 222 AD3d 1398, 1399 [4th Dept 2023], lv denied 41 NY3d 942 [2024]).
Defendant contends that his plea is invalid because the plea allocution negated an element of the crime to which he pleaded guilty. As defendant acknowledges, he never moved to withdraw his plea, nor did he ever seek to vacate the judgment of conviction. This case, however, falls within the rare exception to the preservation requirement (see People v Vanwuyckhuyse, 213 AD3d 1286, 1286-1287 [4th Dept 2023], lv denied 40 NY3d 931 [2023]; People v Barlow, 70 AD3d 1489, 1489 [4th Dept 2010]; see generally People v Lopez, 71 NY2d 662, 666 [1988]). Burglary in the first degree requires that a person knowingly enter or remain unlawfully in a dwelling with the "intent to commit a crime therein" (Penal Law § 140.30). Here, defendant twice indicated during his factual allocution that he did not intend to commit any crimes when he entered the house in question and, while he admitted that he intended to retrieve his own property, retrieving one's own property does not establish larcenous intent (see People v Green, 5 NY3d 538, 544 [2005]; see generally People v Mack, 128 AD3d 1456, 1457 [4th Dept 2015], lv denied 26 NY3d 969 [2015]). Although the court attempted to conduct an inquiry following defendant's insistence that he did not intend to commit any crimes when he entered the house, such inquiry was insufficient (see People v Worden, 22 NY3d 982, 985-986 [2013]; People v Hernandez, 185 AD3d 1428, 1429 [4th Dept 2020]). The court therefore erred in accepting defendant's guilty plea (see Vanwuyckhuyse, 213 AD3d at 1287-1288).
In light of our determination, we do not address defendant's remaining contention.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court